IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUTCHINS WAREHOUSE LIMITED PARTNERS, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § § | |
| | § | |
| AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER MCMILLAN, | § § § § § § § | |
| Defendants. | § § | |

## DEFENDANT AMERICAN AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant American Automobile Insurance Company in Cause No. DC-16-13200, pending in the 116th Judicial District Court of Dallas County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

I.
**FACTUAL BACKGROUND**

1.1   On or about October 7, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Hutchins Warehouse Limited Partners v. American Automobile Insurance Company, Fireman's Fund Insurance Company, Allianz Global Corporate & Specialty, and Rodger*

*McMillan,* Cause No. DC-16-13200, pending in the 116th Judicial District Court of Dallas County, Texas, in which Plaintiff made a claim for damages to its property under an insurance policy with American Automobile Insurance Company.

1.2   Plaintiff served Defendant American Automobile Insurance Company ("AAIC") with Plaintiff's Original Petition and process on October 31, 2016 by certified mail on its registered agent, CT Corporation System.

1.3   Plaintiff served Defendant Fireman's Fund Insurance Company ("FFIC") with Plaintiff's Original Petition and process on October 31, 2016 by certified mail on its registered agent, CT Corporation System.

1.4   Plaintiff served Defendant Rodger McMillan ("McMillan") with Plaintiff's Original Petition and process on November 3, 2016 at his residence located at 5705 81st Street, Lubbock, Texas 79424 by certified mail.

1.5   Plaintiff has not yet served Defendant Allianz Global Corporate & Specialty ("AGCS") with Plaintiff's Original Petition.

1.6   Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-6" as identified on the Index of State Court Documents.

## II.
## BASIS FOR REMOVAL

2.1   Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2    Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT RODGER MCMILLAN BECAUSE HE HAS BEEN IMPROPERLY JOINED IN THIS LAWSUIT.

2.3    Upon belief and information, Plaintiff is, and was at the time the lawsuit was filed, a Wisconsin limited partnership, with its principal place of business in Wisconsin and is a citizen of the State of Wisconsin for diversity purposes. Plaintiff is the owner of the property that is the subject of this lawsuit. Hutchins owns the property situated at 1709 IH-45 South, Hutchins, Texas 75141. *See* Plaintiff's Original Petition, ¶ 2.

2.4    Defendant AAIC is a Missouri corporation with its principal place of business in Missouri and is a citizen of the State of Missouri for diversity purposes.

2.5    Defendant FFIC is a California corporation with its principal place of business in California and is a citizen of the State of California for diversity purposes. FFIC has been improperly named in this lawsuit. FFIC did not issue the insurance policy at issue, and indeed has no relation to the insurance claim at issue in this lawsuit.

2.6    Defendant AGCS is not a legal entity and is likewise improperly named in this suit.

2.7    Defendant McMillan, although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiff's Original Petition, ¶ 6.

### B. DEFENDANT ADJUSTER, RODGER MCMILLAN, HAS BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.

2.8    With respect to the claims against adjuster Defendant McMillan, it is Defendant AAIC's position that he has been fraudulently and/or improperly joined in this action and

therefore is not a proper party to this lawsuit. Therefore, the Texas citizenship of Defendant McMillan should be disregarded for the purposes of evaluating diversity in this matter.

2.9 The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

2.10 The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009). The court may conduct the test using a Rule 12(b)(6) type analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and improper joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.11 Here, Plaintiff fails to offer any specific facts in support of its claims against the adjuster Defendant McMillan and therefore fails to make the required "factual fit between [their] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Indeed, the facts that apply directly to McMillan allege, in conclusory fashion,

nothing more than that McMillan conducted a substandard investigation. *See* Plaintiff's Original Petition, ¶ 20. In the cause of action section of Plaintiff's Original Petition applicable to McMillan, Plaintiff's conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply. *See* Plaintiff's Original Petition, ¶¶ 80-86. Plaintiff's Original Petition actually alleges nothing more than Defendant McMillan violated Chapter 541 of the Insurance Code.

2.12   Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of the adjuster Defendant McMillan constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law

in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent). Based upon the foregoing, adjuster Defendant McMillan has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.13   In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.14   This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiff's claim.

2.15    Plaintiff has specifically pled that it is seeking monetary relief over $1,000,000. *See* Plaintiff's Original Petition, ¶ 8. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant AAIC was first served with Plaintiff's Original Petition and process on October 31, 2016. Further, Defendant FFIC was also served with Plaintiff's Original Petition and process on October 31, 2016. Additionally, Rodger McMillan was served on November 3, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Defendant McMillan consents to this removal. *See* Exhibit "C."

3.3    Defendant FFIC consents to this removal. *See* Exhibit "D."

3.4    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.5    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.6    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.7    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

# IV.
# CONCLUSION

4.1  Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant American Automobile Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Harrison H. Yoss*
Harrison H. Yoss
SBN  22169030
hyoss@thompsoncoe.com
Travis M. Brown
SBN  24061890
tbrown@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Fax:  (214) 871-8209

ATTORNEYS FOR DEFENDANTS
AMERICAN AUTOMOBILE INSURANCE
COMPANY, FIREMAN'S FUND INSURANCE
COMPANY, AND RODGER MCMILLAN

## CERTIFICATE OF SERVICE

This is to certify that on November 30, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

Robert D. Green
Hunter M. Klein
ROBERT D. GREEN & ASSOCIATES, P.C.
440 Louisiana St., Ste. 1930
Houston, Texas 77002
Telephone: (713) 654-9222
Facsimile: (713) 654-2155
Email- green@greentriallaw.com
Email- klein@greentriallaw.com

Daniel P. Barton
Roy J. Elizondo III
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007
Telephone: (713) 227-4747
Facsimile: (713) 621-5900
Email- dbarton@bartonlawgroup.com
Email- relizondo@bartonlawgroup.com

/s/ Harrison H. Yoss
Harrison H. Yoss