## Case Information

DC-16-13200 | HUTCHINS WAREHOUSE LIMITED PARTNERS vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al

Case Number
DC-16-13200
Case Type
INSURANCE

Court
116th District Court
Case Status
OPEN

File Date
10/07/2016

## Party

PLAINTIFF
HUTCHINS WAREHOUSE LIMITED PARTNERS

Address
1201 SHEPHERD DRIVE
HOUSTON TX 77007

Active Attorneys▼
Attorney
BARTON, DANIEL PATRICK
Retained

Work Phone
713-227-4747

Fax Phone
713-621-5900

Lead Attorney
GREEN, ROBERT D
Retained

Work Phone
713-654-9222

Fax Phone
713-654-2155



DEFENDANT
AMERICAN AUTOMOBILE INSURANCE COMPANY

Address
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201-3136

Active Attorneys ▾
Lead Attorney
YOSS, HARRISON H
Retained

Work Phone
214-871-8200

Fax Phone
214-871-8209

Attorney
BROWN, TRAVIS M
Retained

Work Phone
214-871-8200

Fax Phone
214-871-8209

DEFENDANT
FIREMAN'S FUND INSURANCE COMPANY

Address
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201-3136

Active Attorneys ▾
Lead Attorney
YOSS, HARRISON H
Retained

Work Phone
214-871-8200

Fax Phone
214-871-8209

Attorney
BROWN, TRAVIS M
Retained

Work Phone

214-871-8200

Fax Phone
214-871-8209

DEFENDANT
ALLIANZ GLOBAL CORPORATE & SPECIALTY

Address
BY SERVING ITS REGISTERED AGENT JOHN P DEARIE
LOCKE LORDE AT BROOKFIELD PL
200 VESAY ST 20TH FL
NEW YORK NY 10281

DEFENDANT
MCMILLAN, RODGER

Address
5705 81ST ST
LUBBOCK TX 79424

Active Attorneys ▾
Lead Attorney
YOSS, HARRISON H
Retained

Work Phone
214-871-8200

Fax Phone
214-871-8209

Attorney
BROWN, TRAVIS M
Retained

Work Phone
214-871-8200

Fax Phone
214-871-8209

# Events and Hearings

10/07/2016 NEW CASE FILED (OCA) - CIVIL

10/07/2016 ORIGINAL PETITION ▼

2016-10-07 PI Original Petition.pdf

10/07/2016 CASE FILING COVER SHEET ▼

2016-10-06 Civil Case Info Sheet.pdf

10/07/2016 REQUEST FOR SERVICE ▼

2016-10-06 Civil Process Request.pdf

10/07/2016 ISSUE CITATION ▼

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

10/07/2016 JURY DEMAND

10/10/2016 CITATION▼

Anticipated Server
**MAIL**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**11/17/2016**
Anticipated Server
**MAIL**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**11/17/2016**
Anticipated Server
**MAIL**

Anticipated Method
Anticipated Server
**MAIL**

Anticipated Method
Actual Server
**OUT OF COUNTY**

Returned

11/17/2016
Comment
MAIL/BP

11/17/2016 RETURN OF SERVICE ▾

AMERICAN AUTOMOBILE INS CO

Comment
AMERICAN AUTOMOBILE INS CO

11/17/2016 RETURN OF SERVICE ▾

FIREMAN'S INS CO

Comment
FIREMAN'S FUND INSURANCE CO

11/17/2016 RETURN OF SERVICE ▾

RODGER MCMILLAN

Comment
RODGER MCMILLAN

11/21/2016 ORIGINAL ANSWER - GENERAL DENIAL ▾

Hutchins-Defendants' Original Answer.pdf

## Financial

HUTCHINS WAREHOUSE LIMITED PARTNERS
| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $438.87 |
| Total Payments and Credits | | | | $438.87 |
| 10/10/2016 | Transaction Assessment | | | $438.87 |
| 10/10/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 64461-2016-DCLK | HUTCHINS WAREHOUSE LIMITED PARTNERS | ($438.87) |

## Documents

2016-10-07 PI Original Petition.pdf

2016-10-06 Civil Case Info Sheet.pdf

2016-10-06 Civil Process Request.pdf

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

AMERICAN AUTOMOBILE INS CO

FIREMAN'S INS CO

RODGER MCMILLAN

Hutchins-Defendants' Original Answer.pdf

FILED
DALLAS COUNTY
10/7/2016 4:29:43 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NO. DC-16-13200

| | | |
|---|---|---|
| **HUTCHINS WAREHOUSE LIMITED PARTNERS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **AMERICAN AUTOMOBILE** | § | **DALLAS COUNTY, TEXAS** |
| **INSURANCE COMPANY, FIREMAN'S** | § | |
| **FUND INSURANCE COMPANY,** | § | |
| **ALLIANZ GLOBAL CORPORATE &** | § | |
| **SPECIALTY, AND RODGER** | § | |
| **McMILLAN** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Hutchins Warehouse Limited Partners ("Hutchins") and files this, its Original Petition, and for causes of action against American Automobile Insurance Company ("American"), Fireman's Fund Insurance ("Fireman's Fund"), Allianz Global Corporate & Specialty ("Allianz"), and Rodger McMillan ("McMillan") (hereinafter, collectively referred to as "Defendants"), would show unto the Court and the jury the following:

### A.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3 of Tex.R.Civ.P. 190.

### B.    PARTIES AND SERVICE OF PROCESS

2.    Plaintiff is the owner of the property that is the subject of this lawsuit. Hutchins owns the property situated at 1709 IH-45 South, Hutchins, Texas 75141 (hereinafter "The Property").

3.    Defendant American is an insurance company registered to engage in the business of

**EXHIBIT**

tabbies

B-1

insurance in the state of Texas. This defendant may be served with personal service by a process server, or by certified mail, return receipt requested through its Registered Agent, CT Corporation System, at 1999 Bryan Street Suite 900, Dallas TX 75201 -3136 or wherever the company may be found. Citation is requested at this time.

4. Defendant Fireman's Fund is an insurance company registered to engage in the business of insurance in the state of Texas. This defendant may be served with personal service by a process server, or by certified mail, return receipt requested through its Registered Agent, CT Corporation System, at 1999 Bryan Street Suite 900, Dallas TX 75201 -3136 or wherever the company may be found. Citation is requested at this time.

5. Defendant Allianz, is a corporation authorized to conduct business in the state of Texas and is engaged in the business of adjusting in the state of Texas. This defendant may be served with personal service by a process server, or by certified mail, return receipt requested, by serving its Registered Agent, John P. Dearie with Locke Lorde, LLP at Brookfield Place, 200 Vesey Street, 20TH Floor, New York, New York 10281or wherever he may be found. Citation is requested at this time.

6. Defendant McMillan is an individual and property adjuster on behalf of Defendant Allianz. These causes of action arise out of McMillan's actions and/or inactions during the investigation and evaluation of Plaintiff's windstorm claim. Defendant McMillan is a Texas resident and may be served with personal service by a process server at his residence located at 5705 81ST Street, Lubbock, Texas 79424, or wherever he may be found. Citation is requested at this time.

### C.   **STATUTORY AUTHORITY**

7. This suit is being brought, in part under the Tex. Bus. & Comm. Code, Sec. 1741 *et*

---

*seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.*, Chap. 542.051 *et se.*, and Tex. Civ. Prac. & Rem. Code § 38.01 *et seq.*

## D.   JURISDICTION

8.      This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff stipulates that the damages in this matter exceed $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but made stipulation as required by TEX.R.CIV.P. 47.

9.      The Court has jurisdiction over Defendant American, because this defendant engages in the business of insurance in the State of Texas and the causes of action arise out of Defendant's business activities in the State of Texas.

10.     The Court has jurisdiction over Defendant Fireman's Fund, because this defendant engages in the business of insurance in the State of Texas and the causes of action arise out of Defendant's business activities in the State of Texas.

11.     The Court has jurisdiction over Defendant Allianz because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

12.     The Court has jurisdiction over Defendant McMillan because he is an individual and estimator/property adjuster on behalf of Defendant Allianz. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiff's windstorm/hail storm claim in the State of Texas.

### E.    VENUE

13.    Venue for this suit is proper in Dallas County UNDER TEX. CIV. PRAC. & REM. CODE §
15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim
occurred in Dallas County.

### F.    NOTICE AND CONDITIONS PRECEDENT

14.    Defendants have been provided notice, in writing, of the claims made by Plaintiff in
this petition, including Plaintiff's actual damages and expenses in the manner and form required.

15.    All conditions precedent necessary to maintain this action and in order to maintain
claim under the insurance policies in question have been performed, occurred, or have been waived
by Defendants.

### G.    FACTS AS TO AMERICAN, FIREMAN'S FUND, ALLIANZ and McMILLAN

16.    This lawsuit arises out of the following transactions, acts, omissions, and/or events.

17.    The Property owned by Hutchins was severely damaged by a storm event occurring
on April 19, 2016.

18.    On April 19, 2016, the storm event (tornado) damaged the structural integrity of The
Property insured by American which consists of a commercial building approximately 250 feet by
950 feet.

19.    According to engineering reports, a complete demolition and rebuild of The Property
is required.

20.    Defendant Allianz assigned McMillan as the claim adjuster and estimator to
determine the extent of the damages suffered by Plaintiff. Defendant McMillan, who inspected The
Property on April 29, 2016 (10 days after the loss and 9 days after the claim was received), made
numerous errors in estimating the value of Plaintiff's claim, all of which were designed to

intentionally minimize and underpay the loss incurred by Plaintiff. Defendant McMillan failed to fully quantify Plaintiff's damages, and instead, grossly undervalued the loss, demonstrating that he did not conduct a thorough investigation of Plaintiff's claim. Defendant McMillan conducted a substandard inspection of The Property evidenced by his June 7, 2016 report which failed to include all of Plaintiff's storm damages noted upon inspection. The damages included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendant McMillan failed to thoroughly review and properly supervise the inspection of The Property which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant McMillan knowingly and intentionally overlooked damages at The Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. As a result of Defendant McMillan's conduct, Plaintiff's claim was underpaid and partially-denied.

21.     Plaintiff timely filed its respective claims with Defendants.

22.     Plaintiff is an additional insured on an American policy c/o Fireman's Fund.

23.     Allianz which owns Fireman's Fund, through McMillan, improperly adjusted the claim.

24.     All payments on Plaintiff's policy were current, and the policy was in full force on the date of the loss. Although the claims were submitted in proper form and within the time specified in the insurance policy, Defendants have failed to properly pay for all the damages, failed to properly adjust the claims, and failed to properly estimate the value of such damages. In fact, Defendants have improperly delayed the adjustment of the claims and intentionally misrepresented the facts and circumstances of this loss to the Plaintiff.

25.     To date Defendants have failed to meet the basic obligations to Plaintiff, which

include conducting an investigation into the cause of loss, issuing timely payments for undisputed damages, issuing payment for all lines of coverage owed under the policy, furnishing a written explanation of which items are covered under the previously issued payment, and failing to confirm or deny the claim within a reasonable amount of time.

26.     Plaintiff has attempted on numerous occasions to obtain full and complete payments for covered losses pursuant to American's insurance policy.

27.     Defendants Fireman's Fund and Allianz, acting through their agents, servants, representatives and employees have failed to properly investigate, evaluate and adjust Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

28.     Defendants have failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claims, choosing instead to hide behind palpably incorrect assumptions of its agents, employees, and/or consultants.

29.     Defendants failed or refused and continue to fail or refuse to pay covered claims on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead Defendants have wrongfully delayed or denied claims when liability for coverage under the policies was reasonably clear.

30.     In contrast, Plaintiff has cooperated with every request made by Defendants and has displayed, at all reasonable times, all of its relevant records, documents, buildings, and contents that are subject to this catastrophic loss.

31.     Defendants have persisted in delay or denial to pay the full amounts due for Plaintiff's claims even though a person of ordinary prudence or care would have done otherwise.

32.     No reasonable basis exists for Defendants to delay and/or refuse to provide covered benefits due and owing under the insurance policies in question.

---

33. No reasonable basis exists for Defendants to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

34. Defendants refused/and or failed to properly evaluate the obvious damages to The Property, forcing Plaintiff to hire its own experts and incur additional expenses.

35. Defendants, after conducting inspections of the damaged insured properties and after having received Plaintiff's information regarding the damages, refused and/or failed to pay undisputed monies/funds owed to Plaintiff.

36. Defendants refused to fully compensate Plaintiff under the terms of the policies, even though Defendants, failed to conduct a reasonable investigation, in violation of the Texas Unfair Competition and Unfair Practices Act, Tex. Ins. Code § 541.060(7).

37. Defendants performed outcome oriented investigations of Plaintiff's claims, which resulted in biased, unfair, and inequitable evaluations of Plaintiff's losses on the properties. Defendants' conduct constitutes violations of Tex. Ins. Code 541.060(7).

38. Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and to date Plaintiff has not yet received full payment for the claims. Defendants are in violation of Tex. Ins. Code § 542.055.

39. From and after the time Plaintiffs' claims were presented to Defendants, their liability to pay the full claims in accordance with the terms of the policies was reasonably clear. However, Defendants refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurer would have relied on to deny full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

40. As a result of Defendants' acts and omissions, Plaintiff was forced to retain the

undersigned attorneys who are representing Plaintiff in this cause of action.

41.     Plaintiff's experiences are not isolated cases. The acts and omissions committed by Defendants in this case, or similar acts and omissions occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of policyholders.

## H.     CAUSES OF ACTION AGAINST DEFENDANTS

### COUNT I - BREACH OF CONTRACT

42.     Plaintiff incorporates paragraphs one through thirty-nine as though fully stated herein.

43.     Plaintiff and Defendant American c/o Fireman's Fund executed valid and enforceable written insurance contracts providing insurance to the insured location at 1709 IH-45 South, Hutchins, Texas 75141 from the peril of windstorm among other perils. Defendants have complete copies of these policies in their possession.

44.     All damages and loss to The Property were caused by a direct result of a peril for which Plaintiff was insured pursuant to the policy, namely windstorm damage.

45.     Plaintiff suffered significant losses with respect to The Property and additional expenses as a result of the windstorm damage.

46.     Plaintiff submitted claims to Defendants pursuant to the contracts of insurance for damages as a result of windstorm damage.

47.     Plaintiff provided Defendants with proper notice of damage to the exterior and interior of The Property.

48.     Defendants failed to properly evaluate the damages resulting from the covered cause of loss, windstorm.

49. Defendants failed to retain the appropriate experts and/or consultants to evaluate the windstorm damages to the subject properties.

50. As of this date, Defendants have failed to pay for the windstorm damages to Plaintiff's Property.

51. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the American insurance policy c/o Fireman's Fund.

52. Defendants Allianz and McMillan, acting through their agents, servants, representatives, and employees, have failed to properly investigate, evaluate, and adjust Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

53. Defendants Allianz and McMillan have failed and refused to evaluate the information surrounding facts regarding Plaintiffs' covered claims, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees, or consultants.

## COUNT II – VIOLATIONS OF THE TEXAS
## UNFAIR CLAIMS PRACTICES ACT

54. Plaintiff incorporates the preceding paragraphs as though fully stated herein.

55. Defendants are required to comply with Tex. Ins. Code §§ 541.051; 541.060; 541.061; and 541.151.

56. Defendants' conduct constitutes multiple violations of the Texas Insurance Code, including refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

57. Defendants misrepresented the insurance policy to Plaintiff and is in violation of Tex. Ins. Code 541.061 *et seq.* including:

(1) Making an untrue statement of material fact;

(2)   Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3)   Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)   Making a material misstatement of law;

(5)   Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

58.   Defendants' unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes and unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §§ 541.051; 541.060; and 541.061.

## COUNT III – NON-COMPLIANCE WITH TEXAS INSURANCE CODE
### CHAPTER 542 PROMPT PAYMENT OF CLAIMS ACT

59.   Plaintiff incorporates the preceding paragraphs as though fully stated herein.

60.   Defendants' conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

61.   By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendants have engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541 of the Texas Insurance Code.

## COUNT IV – BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

62.     Plaintiff incorporates the preceding paragraphs as though fully stated herein.

63.     Defendants' conduct, as fully specified in Section G as well as the preceding paragraphs, constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to their insurance contracts.

64.     Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

65.     Defendants' failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

**I.      CAUSES OF ACTION AGAINST DEFENDANT ALLIANZ**

**COUNT V– UNFAIR SETTLEMENT PRACTICES**

66.     Plaintiff incorporates the preceding paragraphs as though fully stated herein.

67.     Defendant Allianz is an entity that is required to comply with Tex. Ins. Code §§ 541.051; 541.060; 541.061; and 541.151.

68.     Defendant Allianz's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

69.     Defendant Allianz's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though

Defendant Allianz's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

70.     Defendant Allianz's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

71.     Defendant Allianz's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

72.     Defendant Allianz's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

73.     Defendant Allianz's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Allianz refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

## COUNT VI – NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

74.     Defendant Allianz's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX.INS.CODE §542.060.

75.     Defendant Allianz's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

76.     Defendant Allianz's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

77.     Defendant Allianz's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

## COUNT VII – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

78.     Defendant Allianz's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

79.     Defendant Allianz's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Allianz knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

**J.    CAUSES OF ACTION AGAINST DEFENDANT McMILLAN
COUNT VIII – UNFAIR SETTLEMENT PRACTICES**

80.    Plaintiff incorporates the preceding paragraphs as though fully stated herein.

81.    Defendant McMillan is required to comply with Tex. Ins. Code §§ 541.051; 541.060; 541.061; and 541.151.

82.    Defendant McMillan is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Defendant Allianz, American and Fireman's Fund. Defendant McMillan is required to comply with Tex. Ins. Code § 541.151, and is defined by the Texas Insurance Code as a "Person." Under Tex. Ins. Code § 541.002(2), "Person" is defined as any individual, corporation, association, partnership, reciprocal, or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor. TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

83.    Defendant McMillan's conduct, as specifically described in Section G, constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151. Defendant McMillan's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

84.     Defendant McMillan's unfair settlement practice, as specifically described in Section G, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

85.     The unfair settlement practice of Defendant McMillan, as specifically described in Section G, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

86.     Defendant McMillan's unfair settlement practice, as specifically described in Section G, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

87.     Defendant McMillan's unfair settlement practice, as specifically described in Section G, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

88.     Defendant McMillan's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant McMillan refused to even offer more than the grossly undervalued estimate prepared on behalf of the carrier despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### K.   KNOWLEDGE AND INTENT

89.   Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### L.   DAMAGES AND PRAYER

90.   **WHEREFORE, PREMISES CONSIDERED,** Plaintiff herein, complains of Defendants and prays that they be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

91.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or contributing causes of damages sustained by Plaintiff.

92.   For breach of contract by Defendants, Plaintiff is entitled to regain the benefit of its bargain, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policies, together with attorneys' fees, pursuant to Tex. Civ. Prac. & Rem. Code § 38.01 *et seq.*

93.   For noncompliance with the Texas Insurance Code by Defendants, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policies, including but not limited to direct and indirect consequential damages, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for three times their actual damages, pursuant to Tex. Ins. Code § 541.152 *et seq.*

94.   For violation of the Texas Deceptive Trade Practices Act by Defendants, Plaintiff is entitled to actual damages which include the loss of benefits that should have been paid pursuant to the policies, including but not limited to direct and indirect consequential damages, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks three times in actual damages pursuant to Tex. Ins. Code § 17.50(b)(1),

95.     The denial and/or wrongful delay to provide Plaintiff with the insurance benefits by Defendants was part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policyholders.

96.     In order to punish Defendants and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

97.     For violations of the Common Law Duty of Good Faith and Fair Dealing by Defendants, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

## M.     JURY DEMAND

98.     Plaintiff respectfully demands a trial by jury.

## N.     REQUEST FOR DISCLOSURE

99.     Pursuant to Rule 194, Plaintiff requests that Defendants disclose, within fifty (50) days of service of this request, the information outlined in T.R.C.P. 194(2)(a)(1).


Respectfully submitted,

ROBERT D. GREEN & ASSOCIATES, P.C.

BY:     /s/ Robert D. Green
        **Robert D. Green**
        State Bar No. 08368025
        Hunter M. Klein
        State Bar No. 24082117
        440 Louisiana St., Ste. 1930
        Houston, Texas 77002
        Telephone: (713) 654-9222
        Facsimile:  (713) 654-2155

Email – green@greentriallaw.com
Email – klein@greentriallaw.com

**ATTORNEYS FOR PLAINTIFF**

**BARTON LAW FIRM**

By:   */s/ Daniel P. Barton*
      DANIEL P. BARTON
      State Bar No.: 00789774
      ROY J. ELIZONDO, III
      State Bar No.: 24036519
      1201 Shepherd Drive
      Houston, Texas 77007
      (713) 227-4747- Telephone
      (713) 621-5900- Fax
      dbarton@bartonlawgroup.com
      relizondo@bartonlawgroup.com

      **ATTORNEYS FOR PLAINTIFF**

Christi Underwood
FILED
DALLAS COUNTY
10/7/2016 4:29:43 PM
FELICIA PITRE
DISTRICT CLERK

# CIVIL CASE INFORMATION SHEET
## DC-16-13200

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED **Hutchins Warehouse Limited Partners v. American Automobile Insurance Company, et al**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

Name: Daniel P. Barton
Email: lea@bartonlawgroup.com
Address: 1201 Shepherd Dr.
Telephone: 713-227-4747
City/State/Zip: Houston, Texas 77007
Fax: 713-621-5900
Signature:
State Bar No: 00789774

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Hutchins Warehouse Limited

Defendant(s)/Respondent(s): American Automobile Ins. Co., Fireman's Fund Ins. Co., Allianz Global Corp. & Specialty, Rodger McMillan

*(Attach additional page as necessary to list all parties)*

### Person or entity completing sheet is:
[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

**Contract**
*Debt/Contract*
[ ] Consumer/DTPA
[ ] Debt/Contract
[ ] Fraud/Misrepresentation
[ ] Other Debt/Contract:
*Foreclosure*
[ ] Home Equity—Expedited
[ ] Other Foreclosure
[ ] Franchise
[X] Insurance
[ ] Landlord/Tenant
[ ] Non-Competition
[ ] Partnership
[ ] Other Contract:

**Injury or Damage**
[ ] Assault/Battery
[ ] Construction
[ ] Defamation
*Malpractice*
[ ] Accounting
[ ] Legal
[ ] Medical
[ ] Other Professional Liability:
[ ] Motor Vehicle Accident
[ ] Premises
*Product Liability*
[ ] Asbestos/Silica
[ ] Other Product Liability List Product:
[ ] Other Injury or Damage:

**Real Property**
[ ] Eminent Domain/Condemnation
[ ] Partition
[ ] Quiet Title
[ ] Trespass to Try Title
[ ] Other Property:

**Related to Criminal Matters**
[ ] Expunction
[ ] Judgment Nisi
[ ] Non-Disclosure
[ ] Seizure/Forfeiture
[ ] Writ of Habeas Corpus— Pre-indictment
[ ] Other:

**Family Law**

**Marriage Relationship**
[ ] Annulment
[ ] Declare Marriage Void
*Divorce*
[ ] With Children
[ ] No Children

**Other Family Law**
[ ] Enforce Foreign Judgment
[ ] Habeas Corpus
[ ] Name Change
[ ] Protective Order
[ ] Removal of Disabilities of Minority
[ ] Other:

**Post-judgment Actions (non-Title IV-D)**
[ ] Enforcement
[ ] Modification—Custody
[ ] Modification—Other

**Title IV-D**
[ ] Enforcement/Modification
[ ] Paternity
[ ] Reciprocals (UIFSA)
[ ] Support Order

**Parent-Child Relationship**
[ ] Adoption/Adoption with Termination
[ ] Child Protection
[ ] Child Support
[ ] Custody or Visitation
[ ] Gestational Parenting
[ ] Grandparent Access
[ ] Parentage/Paternity
[ ] Termination of Parental Rights
[ ] Other Parent-Child:

**Employment**
[ ] Discrimination
[ ] Retaliation
[ ] Termination
[ ] Workers' Compensation
[ ] Other Employment:

**Other Civil**
[ ] Administrative Appeal
[ ] Antitrust/Unfair Competition
[ ] Code Violations
[ ] Foreign Judgment
[ ] Intellectual Property
[ ] Lawyer Discipline
[ ] Perpetuate Testimony
[ ] Securities/Stock
[ ] Tortious Interference
[ ] Other:

**Tax**
[ ] Tax Appraisal
[ ] Tax Delinquency
[ ] Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
[ ] Dependent Administration
[ ] Independent Administration
[ ] Other Estate Proceedings
[ ] Guardianship—Adult
[ ] Guardianship—Minor
[ ] Mental Health
[ ] Other:

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
[ ] Appeal from Municipal or Justice Court
[ ] Arbitration-related
[ ] Attachment
[ ] Bill of Review
[ ] Certiorari
[ ] Class Action
[ ] Declaratory Judgment
[ ] Garnishment
[ ] Interpleader
[ ] License
[ ] Mandamus
[ ] Post-judgment
[ ] Prejudgment Remedy
[ ] Protective Order
[ ] Receiver
[ ] Sequestration
[ ] Temporary Restraining Order/Injunction
[ ] Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100,000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[X] Over $1,000,000

Rev 2/13

**EXHIBIT B-2**

4 CITS-MAIL

FILED
Christi Underwood
DALLAS COUNTY
10/7/2016 4:29:43 PM
FELICIA PITRE
DISTRICT CLERK

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**DC-16-13200**

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):   Plaintiff's Original Petition

**FILE DATE OF MOTION:**   10/06/2016

                                      Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:**   American Automobile Insurance Company

   **ADDRESS:**   1999 Bryan Street Suite 900, Dallas TX 75201 -3136

   **AGENT,** (*if applicable*):   CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):

- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [x] **MAIL**                      [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
   Type of Publication:   [ ] **COURTHOUSE DOOR, or**
                          [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain*   Please mail to the attorney for service through a private process server.

**********************************************************************************

****

2. **NAME:**   Fireman's Fund Insurance Company

   **ADDRESS:**   1999 Bryan Street Suite 900, Dallas TX 75201 -3136

   **AGENT,** (*if applicable*):   CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):

- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [x] **MAIL**                      [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
   Type of Publication:   [ ] **COURTHOUSE DOOR, or**
                          [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain*   Please mail to the attorney for service through a private process server.

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:**  Daniel P. Barton _____   **TEXAS BAR NO./ID NO.**   00789774

**MAILING ADDRESS:**   1201 Shepherd Drive, Houston, Texas 77007

**PHONE NUMBER:**   713 / 227-4747          **FAX NUMBER:**   713 / 621-5900
               area code   phone number               area code   fax number

**EMAIL ADDRESS:** _____

**EXHIBIT**

**B - 3**

CIV/CIOS Revised 9/2/09

## CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):**  Plaintiff's Original Petition

**FILE DATE OF MOTION:**  10/06/2016
                         Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME:  Allianz Global Corporate & Specialty

    ADDRESS:  200 Vesey Street, 20TH Floor, New York, New York 10281

    AGENT, (*if applicable*):  John P. Dearie with Locke Lorde, LLP at Brookfield Place

**TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):** _____

**SERVICE BY** (*check one*)**:**
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
- ☒ **MAIL**                                ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain*  Please mail to the attorney for service through a private process server.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2.  NAME:  Rodger McMillan

    ADDRESS:  5705 81ST Street, Lubbock Texas 79424

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):** _____

**SERVICE BY** (*check one*)**:**
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
- ☒ **MAIL**                                ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:  ☐ **COURTHOUSE DOOR,  or**
                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain*  Please mail to the attorney for service through a private process server.

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Daniel P. Barton                    TEXAS BAR NO./ID NO.   00789774

MAILING ADDRESS:   1201 Shepherd Drive, Houston, Texas 77007

PHONE NUMBER:   713          227-4747          FAX NUMBER:   713          621-5900
               area code     phone number                   area code     fax number

EMAIL ADDRESS: _____

CIV/CI08 Revised 9/2/09

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:
**AMERICAN AUTOMOBILE INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUTCHINS WAREHOUSE LIMITED PARTNERS**

Filed in said Court  **7th day of October, 2016** against

**AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE
COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER MCMILLAN**

For Suit, said suit being numbered <u>**DC-16-13200,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which
accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
BRANDON PETTIGREW





EXHIBIT
tabbies*
B - 4

---

| MAIL |
| --- |
| CITATION |
| DC-16-13200 |

**HUTCHINS WAREHOUSE LIMITED
PARTNERS
vs. AMERICAN AUTOMOBILE
INSURANCE COMPANY et al**

ISSUED THIS
**10th day of October, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  BRANDON PETTIGREW, Deputy

**Attorney for Plaintiff**
ROBERT D GREEN
440 LOUSISANA STREET STE 1930
HOUSTON TX  77002
713-654-9222

**DALLAS COUNTY CONSTABLE**
FEES
PAID          FEES NOT
PAID

## OFFICER'S RETURN

Case No. : DC-16-13200

Court No.116th District Court

Style: HUTCHINS WAREHOUSE LIMITED PARTNERS

vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**FIREMAN'S FUND INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUTCHINS WAREHOUSE LIMITED PARTNERS**

Filed in said Court **7th day of October, 2016** against

**AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER MCMILLAN**

For Suit, said suit being numbered <u>**DC-16-13200,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
BRANDON PETTIGREW



---

<u>**MAIL**</u>

**CITATION**

**DC-16-13200**

**HUTCHINS WAREHOUSE LIMITED PARTNERS
vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al**

ISSUED THIS
**10th day of October, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: BRANDON PETTIGREW, Deputy

**Attorney for Plaintiff**
ROBERT D GREEN
440 LOUSISANA STREET STE 1930
HOUSTON TX 77002
713-654-9222

DALLAS COUNTY CONSTABLE
FEES PAID / FEES NOT PAID

# OFFICER'S RETURN

Case No. :  DC-16-13200

Court No.116th District Court

Style: HUTCHINS WAREHOUSE LIMITED PARTNERS

vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by
me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
    **ALLIANZ GLOBAL CORPORATE & SPECIALTY
BY SERVING ITS REGISTERED AGENT JOHN P DEARIE WITH LOCKE LORDE
LLP AT BROOKFIELD PLACE
200 VESEY STREET, 20TH FLOOR,
NEW YORK NY 10281**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUTCHINS WAREHOUSE LIMITED PARTNERS**

Filed in said Court  **7th day of October, 2016** against

**AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE
COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER MCMILLAN**

For Suit, said suit being numbered **DC-16-13200,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which
accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

        By _____, Deputy
           BRANDON PETTIGREW

---

**MAIL**

**CITATION**

**DC-16-13200**

**HUTCHINS WAREHOUSE LIMITED
PARTNERS
vs. AMERICAN AUTOMOBILE
INSURANCE COMPANY et al**

ISSUED THIS
**10th day of October, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  BRANDON PETTIGREW, Deputy

---

**Attorney for Plaintiff**
ROBERT D GREEN
440 LOUSISANA STREET STE 1930
HOUSTON TX  77002
713-654-9222

---

DALLAS COUNTY CONSTABLE
FEES
PAID
    FEES NOT
    PAID

## OFFICER'S RETURN

Case No. : DC-16-13200

Court No.116th District Court

Style: HUTCHINS WAREHOUSE LIMITED PARTNERS

vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20 _____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____ ,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

**FORM NO. 353-3 - CITATION**
# THE STATE OF TEXAS

To:
**RODGER MCMILLAN**
**5705 81ST STREET**
**LUBBOCK TX  79424**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUTCHINS WAREHOUSE LIMITED PARTNERS**

Filed in said Court **7th day of October, 2016** against

**AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER MCMILLAN**

For Suit, said suit being numbered <u>**DC-16-13200,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
BRANDON PETTIGREW

---

<u>MAIL</u>

CITATION

DC-16-13200

**HUTCHINS WAREHOUSE LIMITED PARTNERS
vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al**

ISSUED THIS
**10th day of October, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  BRANDON PETTIGREW, Deputy

---

**Attorney for Plaintiff**
ROBERT D GREEN
440 LOUSISANA STREET STE 1930
HOUSTON TX  77002
713-654-9222

---

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

## OFFICER'S RETURN

Case No. : DC-16-13200

Court No.116th District Court

Style: HUTCHINS WAREHOUSE LIMITED PARTNERS

vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
11/17/2016 7:36:30 AM
FELICIA PITRE
DISTRICT CLERK

4 4286-1

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**AMERICAN AUTOMOBILE INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX  75201-3136**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUTCHINS WAREHOUSE LIMITED PARTNERS**

Filed in said Court  **7th day of October, 2016** against

**AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER MCMILLAN**

For Suit, said suit being numbered **DC-16-13200,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By _____ , Deputy
          BRANDON PETTIGREW

**EXHIBIT**
B-5

---

**MAIL**

**CITATION**

**DC-16-13200**

**HUTCHINS WAREHOUSE LIMITED PARTNERS**
**vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al**

ISSUED THIS
**10th day of October, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  BRANDON PETTIGREW, Deputy

**Attorney for Plaintiff**
ROBERT D GREEN
440 LOUISIANA STREET STE 1930
HOUSTON TX  77002
713-654-9222



DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID          PAID

# OFFICER'S RETURN

Case No. : DC-16-13200

Court No.116th District Court

Style: HUTCHINS WAREHOUSE LIMITED PARTNERS

vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al

Came to hand on the _26_ day of _October_, 20 _16_, at _9_ o'clock _A_.M. Executed at _1999 Bryan St., #900 Dallas, Tx. 75201_,

within the County of _Dallas_ at _9:31_ ~~o'clock~~ _A_.M. on the _31st_ day of _October_,

20 _16_, by delivering to the within named _American Automobile Insurance Company, by serving Registered Agent, CT Corporation System_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| | | | | |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | _SCH3036_ | |
| For mileage | $_____ | of _____ County, | _exp. 9/30/19_ | |
| For Notary | $_____ | By _____ | | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _Joseph Morse_ before me this _9_ day of _November_, 20 _16_,

to certify which witness my hand and seal of office.

ADRIAN LIRA
Notary Public, State of Texas
My Commission Expires
March 04, 2019

Notary Public _____ County _____

English          Customer Service          USPS Mobile                                    Register / Sign In

## ☑USPS.COM®

# USPS Tracking®

Still Have Questions?
Browse our FAQs ›



Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70160910000022761949

Updated Delivery Day: Monday, October 31, 2016

## Product & Tracking Information

Postal Product:

Features:
Certified Mail™

### Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| October 31, 2016 , 9:31 am | Available for Pickup | DALLAS, TX 75201 |

Your item arrived at the DALLAS, TX 75201 post office at 9:31 am on October 31, 2016 and is ready for pickup.

| | | |
| --- | --- | --- |
| October 31, 2016 , 9:14 am | Arrived at Unit | DALLAS, TX 75201 |
| October 30, 2016 , 7:40 pm | In Transit to Destination | |
| October 29, 2016 , 4:53 am | Departed USPS Facility | DALLAS, TX 75260 |
| October 28, 2016 , 10:31 am | Arrived at USPS Facility | DALLAS, TX 75260 |
| October 27, 2016 , 8:48 pm | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |

Track Another Pa

Tracking (or receipt) number

HELPFUL LINKS
Contact Us
Site Index
FAQs

Copyright © 2016 USPS. All Rights Re

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

American Automobile Insurance Company
C/o CT Corporation System
1999 Bryan St., Ste 900
Dallas, Tx. 75201

9590 9402 1742 6074 4195 51

2. Article Number (Transfer from service label)
7016 0910 0000 2276 1949

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Beatrice Barrientez
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Beatrice Barrientez

C. Date of Delivery
10/31/16

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

44286-1

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

FILED
DALLAS COUNTY
11/17/2016 7:35:13 AM
FELICIA PITRE
DISTRICT CLERK

44286-2

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

FIREMAN'S FUND INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201-3136

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUTCHINS WAREHOUSE LIMITED PARTNERS**

Filed in said Court **7th day of October, 2016** against

**AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER MCMILLAN**

For Suit, said suit being numbered <u>DC-16-13200,</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    BRANDON PETTIGREW

---

**MAIL**

**CITATION**

**DC-16-13200**

**HUTCHINS WAREHOUSE LIMITED PARTNERS**
vs. **AMERICAN AUTOMOBILE INSURANCE COMPANY et al**

ISSUED THIS
10th day of October, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: BRANDON PETTIGREW, Deputy

**Attorney for Plaintiff**
ROBERT D GREEN
440 LOUSISANA STREET STE 1930
HOUSTON TX 77002
713-654-9222

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-13200

Court No.116th District Court

Style: HUTCHINS WAREHOUSE LIMITED PARTNERS

vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al

Came to hand on the _26th_ day of _October_, 20 _16_, at _9_ o'clock _A_ .M. Executed at _1999 Bryan St, #900_ _Dallas, TX. 75201_

within the County of _Dallas_ at _9:31_ o'clock _A_ .M. on the _31st_ day of _October_

20 _16_, by delivering to the within named

_Fireman's Fund Insurance Company, by serving_
_Registered Agent, CT Corporation System_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ _SOh 3036_ |
| For mileage | $_____ | of_____County, _exp 9/30/17_ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Fireman's Fund Insurance Company
C/o CT Corporation System
1999 Bryan St., Ste 900
Dallas, Tx. 75201

9590 9402 1742 6074 4195 44

2. Article Number (Transfer from service label)

7016 0910 0000 2276 1925

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Chris Wells   OCT 31 2016

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

44276-2

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

FILED
DALLAS COUNTY
11/17/2016 7:45:16 AM
FELICIA PITRE
DISTRICT CLERK

Darryea Coffey

44286-4

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

    **RODGER MCMILLAN**
    **5705 81ST STREET**
    **LUBBOCK TX 79424**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUTCHINS WAREHOUSE LIMITED PARTNERS**

Filed in said Court **7th day of October, 2016** against

**AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER MCMILLAN**

For Suit, said suit being numbered <u>**DC-16-13200,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

    By _____, Deputy
        BRANDON PETTIGREW

---

**MAIL**

**CITATION**

**DC-16-13200**

**HUTCHINS WAREHOUSE LIMITED PARTNERS
vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al**

ISSUED THIS
10th day of October, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: BRANDON PETTIGREW, Deputy

---

**Attorney for Plaintiff**
ROBERT D GREEN
440 LOUSISANA STREET STE 1930
HOUSTON TX 77002
713-654-9222

DALLAS COUNTY CONSTABLE
FEES      FEES NOT
PAID      PAID

# OFFICER'S RETURN

Case No. :  DC-16-13200

Court No. 116th District Court

Style: HUTCHINS WAREHOUSE LIMITED PARTNERS

vs. AMERICAN AUTOMOBILE INSURANCE COMPANY et al

Came to hand on the ___26th___ day of ___October___, 20 ___16___, at ___9___ o'clock ___A___ .M. Executed at ___5705 81st Street Lubbock, Tx. 79424___ within the County of ___Lubbock___ at ___1:20___ o'clock ___P___ .M. on the ___3rd___ day of ___November___, 20 ___16___, by delivering to the within named

___Rodger McMillan___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of_____County,_____ |  |
| For Notary | $_____ | By_____Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said ___Joseph Morse___ before me this ___9th___ day of ___November___, 20 ___16___,

to certify which witness my hand and seal of office.

_____  ___5ch 3036, exp. 9/30/19___

Notary Public _____ County ___Harris___

ADRIAN LIRA
Notary Public, State of Texas
My Commission Expires
March 04, 2019

English        Customer Service        USPS Mobile                                Register / Sign In

## ⊠USPS.COM

# USPS Tracking®

Still Have Questions?
Browse our FAQs ›



Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70160910000022761956

## Product & Tracking Information

Available Actions

Postal Product:        Features:
                       Certified Mail™

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 3, 2016 , 1:20 pm | Delivered, Left with Individual | LUBBOCK, TX 79424 |

Your item was delivered to an individual at the address at 1:20 pm on November 3, 2016 in LUBBOCK, TX 79424.

| November 2, 2016 , 10:43 pm | Departed USPS Facility | LUBBOCK, TX 79402 |
| November 2, 2016 , 6:15 pm | Arrived at USPS Facility | LUBBOCK, TX 79402 |
| November 1, 2016 , 10:30 pm | Departed USPS Facility | ABILENE, TX 79601 |
| November 1, 2016 , 10:08 pm | Arrived at USPS Facility | ABILENE, TX 79601 |
| October 29, 2016 , 2:48 am | In Transit to Destination | |
| October 27, 2016 , 8:48 pm | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |

Track Another

Tracking (or receipt) number



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rodger McMillan
5705 81st Street
Lubbock, Tk. 79424

9590 9402 1742 6074 4195 20

2. Article Number (Transfer from service label)
7016 0910 0000 2276 1956

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)        C. Date of Delivery
   Rodger McMillan                   11-3-16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

   SINGER STATION USPS
   NOV 3 2016
   LUBBOCK TX                        44286-4

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

FILED
DALLAS COUNTY
11/21/2016 9:57:43 AM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-16-13200

| | | |
|---|---|---|
| **HUTCHINS WAREHOUSE LIMITED PARTNERS,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § § | |
| **vs.** | § § | |
| **AMERICAN AUTOMOBILE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ GLOBAL CORPORATE & SPECIALTY, AND RODGER McMILLAN,** | § § § § § § § | **DALLAS COUNTY, TEXAS** |
| *Defendants.* | § § | **116TH JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants American Automobile Insurance Company ("AAIC"), Fireman's Fund Insurance Company[1], and Rodger McMillan ("Defendants") and file this, their Original Answer and would respectfully show as follows:

### I.   ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

---

[1] Defendant Fireman's Fund Insurance Company has been served but is improperly named in this suit. Fireman's Fund did not issue, and indeed has no relation to the insurance policy at issue. Plaintiff also named, but did not serve, "Allianz Global Corporate & Specialty," which is not a legal entity and is likewise improperly named in this suit.

**EXHIBIT**
tabbies
B-6

## II.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants American Automobile Insurance Company, Fireman's Fund Insurance Company, and Rodger McMillan pray that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendants, but Defendants go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

/s/ Harrison H. Yoss
Harrison H. Yoss   SBN 22169030
hyoss@thompsoncoe.com
Travis M. Brown   SBN 24061890
tbrown@thompsoncoe. com

THOMPSON, COE, COUSINS & IRONS, L. L. P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Fax:            (214) 871-8209

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of November, 2016, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

Daniel P. Barton
Roy J. Elizondo, III
Barton Law Firm
1201 Shepherd Drive
Houston, Texas 77007
Facsimile: (713) 621-5900
dbarton@bartonlawgroup.com
relizondo@bartonlawgroup.com
**_Counsel for Plaintiff_**

/s/Travis M. Brown
Travis M. Brown