UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUTCHINS WAREHOUSE LIMITED PARTNERS, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:16-CV-3336-G |
| AMERICAN AUTOMOBILE INSURANCE COMPANY, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to remand the case to the state court from which it was previously removed (docket entry 8). For the reasons stated below, the plaintiff's motion is denied.

I. BACKGROUND

On October 7, 2016, the plaintiff, Hutchins Warehouse Limited Partners ("Hutchins"), commenced this action in the 116th Judicial District Court of Dallas County, Texas against the defendants, American Automobile Insurance Company ("American"), Fireman's Fund Insurance Company, Allianz Global Corporate & Specialty ("Allianz"), and Rodger McMillan ("McMillan") (collectively, "the defendants"). Defendants' Notice of Removal ("Notice") ¶ 1.1 (docket entry 1); Plaintiff's Original Petition ("Original Petition") (docket entry 1-2). Hutchins's

claims arise from storm damage to its property that occurred on April 19, 2016. Original Petition ¶ 17.  Hutchins made a claim to its insurer, American, to pay for the damage.  See *id.* ¶ 18.  American's adjusting company, Allianz, assigned its adjuster, McMillan, to inspect Hutchins's property and to estimate the extent of the storm damage.  *Id.* ¶¶ 11, 20.  Hutchins contends that McMillan made numerous errors in his estimate, which resulted in American underpaying and partially denying Hutchins's claims.  *Id.* ¶ 20.

On November 30, 2016, the defendants removed the case to this court, alleging that the court has subject matter jurisdiction because Hutchins improperly joined McMillan in the lawsuit to defeat diversity jurisdiction.  Notice ¶ 2.8.  On December 28, 2016, Hutchins filed the instant motion to remand.  Plaintiff's Motion to Remand ("Motion") (docket entry 8).  On January 18, 2017, the defendants filed a timely response.  Defendants' Response to Plaintiff's Motion to Remand (docket entry 9); Defendants' Brief in Support of Their Response to Plaintiff's Motion to Remand ("Defendants' Brief") (docket entry 10).  The motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standards

#### 1. *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing

defendants have alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* Notice ¶ 2.2. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). In this case, the plaintiff, Hutchins, is apparently a citizen of Wisconsin.[1] *See* Notice ¶ 2.3. The defendant, McMillan, is a citizen of Texas. *Id.* ¶ 2.7. However, the defendants contend that removal is proper because Hutchins improperly joined McMillan in this suit. *Id.* ¶ 2.8.

## 2. *Improper Joinder*

Even if a defendant is a citizen of the state from which the action was removed, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the in-state defendant. The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: "(1) there is actual fraud in pleading jurisdictional facts or (2) the

---

[1] The citizenship is of Hutchins is not entirely clear. The defendants allege that Hutchins is a limited partnership and a "citizen of the state of Wisconsin for diversity purposes." Notice ¶ 2.3. However, the citizenship of a limited partnership is determined by the citizenship of each of its partners. *Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("The citizenship of a limited partnership is based upon the citizenship of each of its partners."). Neither party has alleged the citizenship of each partner of Hutchins.

plaintiff is unable to establish a cause of action against the nondiverse defendant." *Campbell v. Stone Insurance, Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

Only the latter ground is at issue here. To satisfy the second ground for improper joinder, the defendant must demonstrate that "there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (emphasis added), *cert. denied*, 544 U.S. 992 (2005).

When applying this test, the court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)). Furthermore, the party seeking removal bears the heavy burden of proving that joinder was improper. *Smallwood*, 385 F.3d at 574. This burden requires the trial court to resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The court can only deny the plaintiff's motion for remand if, as a matter of law, there is

absolutely no possibility that the plaintiff can state a valid claim against the non-diverse defendant in state court.  See *B., Inc.*, 663 F.2d at 554.  If the defendant cannot prove improper joinder, remand is mandated.  *Smallwood*, 385 F.3d at 575.

To determine whether Hutchins is unable to establish a cause of action against the in-state defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573.  If the complaint survives the analysis, there is generally no improper joinder.  *Id.*

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.  *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 818 F.3d 193, 200 (5th Cir. 2016); see also *Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 WL 2918107, at *2 (N.D. Tex. May 18, 2016) (McBryde, J.).

3.  *Pleading Standard under Federal Law*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice

pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

### B. Application

The defendants contend that Hutchins fails to state a claim against McMillan because Hutchins's complaint contains merely a recitation of the elements alleging that the McMillan violated Chapter 541 of the TEX. INS. CODE. Notice ¶¶ 2.11-2.12. Hutchins responds that it has alleged a valid cause of action against McMillan. Motion at 7. First, Hutchins extensively briefs the issue regarding whether adjusters can be held liable under Chapter 541. *Id.* at 7-11. However, this court has previously held that adjusters can be found liable under this Chapter. *Petree v. Metropolitan Lloyds Insurance Company of Texas (Petree I)*, No. 3:16-CV-0735-G, 2016

WL 3090592, at *4 (N.D. Tex. June 2, 2016) (Fish, J.) ("This court concludes that insurance adjusters can be liable under the provisions of the TEX. INS. CODE at issue here."), *reconsideration denied*, No. 3:16-CV-0735-G, 2016 WL 4179372 (N.D. Tex. Aug. 8, 2016). The primary issue here is whether Hutchins has stated a claim against McMillan. As to this issue, Hutchins contends that it pled sufficient facts against McMillan. Motion at 12-14.

In the case *Cavazos v. Sussex Insurance Company*, No. 7:16-CV-00576, 2016 WL 6471139, at *2 (S.D. Tex. Nov. 2, 2016), the plaintiffs pled the following:

- [Ring] failed to perform a thorough investigation;

- [Ring] failed to include all of the damages;

- [Ring] underestimated and undervalued the cost of repairs . . .;

- [Ring] improperly adjusted [Plaintiffs' claim];

- [Ring] misrepresented to Plaintiffs that the damage to the property was not covered under the policy. . . .

*Cavazos*, 2016 WL 6471139, at *2 (internal citations and quotations marks omitted). The court held that the plaintiffs' allegations were merely "naked assertions devoid of further factual enhancement." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). The court reasoned that the plaintiffs failed to show how the defendant failed to perform a

thorough investigation, what damages the defendant omitted from the estimate, and why the defendant should have included such damages. *Id.*

The allegations in *Cavazos* are very similar to those pled here. In this case, Hutchins's complaint does not allege sufficient facts describing the actionable conduct of the adjuster, including the following:

> 1. "[McMillan] . . . made numerous errors in estimating the value of Plaintiff's claim";
>
> 2. "McMillan did not conduct a thorough investigation of Plaintiff's claim . . . . [His] substandard inspection failed to include all of Plaintiffs storm damages noted upon inspection";
>
> 3. "The damages included in the estimate were grossly undervalued";
>
> 4. "Defendant McMillan failed to thoroughly review and properly supervise the inspection of The Property";
>
> 5. "Further, Defendant McMillan knowingly and intentionally overlooked damages at The Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim."

Original Petition ¶ 20. These purported factual allegations are "nothing more than legal conclusions couched as factual allegations, which the court need not consider in determining a motion to dismiss." See *Weldon Contractors, Ltd. v. Fireman's Fund Insurance Company*, No. 4:09-CV-0165-A, 2009 WL 1437837, at *3-4 (N.D. Tex.

May 22, 2009) (McBryde, J.) (holding that similar allegations were merely conclusory allegations). They do not provide the court with a reasonable basis to predict that Hutchins can recover against McMillan.

Like the allegations in *Cavazos*, Hutchins's allegations fall short of describing the cause of the loss, such as how McMillan specifically committed any of the above acts. Cf. *Petree v. Metropolitan Lloyds Insurance Company of Texas (Petree II)*, No. 3:16-CV-0735-G, 2016 WL 4211764, at *2 (N.D. Tex. Aug. 9, 2016) (Fish, J.) ("Specifically, [the plaintiffs] claim that Tailored 'ignored the moisture that was entering the property via the wind driven rain (a covered cause of loss) and focused exclusively on water that was allegedly entering the property via groundwater (an excluded loss).'"). The closest Hutchins comes to making factual allegations is its statement that "[McMillan's] June 7, 2016 report . . . failed to include all of Plaintiffs storm damages noted upon inspection." Original Petition ¶ 20. However, this allegation, like the unsuccessful allegation in *Cavazos* that the "[defendant] failed to include all of the damages,"[2] lacks factual support.

---

[2] This court permitted similar allegations in the case *Glidewell v. Safeco Insurance Company of Indiana*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *4 (N.D. Tex. Aug. 13, 2015) (Fish, J.). However, in *Glidewell* this court applied Texas's "fair notice" pleading standard because the *Glidewell* opinion was rendered prior to the Fifth Circuit decision in *International Energy Ventures Management*, 818 F.3d at 208, which requires the plaintiff to meet the federal pleading standard. *Glidewell*, 2015 WL 4868483, at *3.

Moreover, Hutchins's allegations against McMillan merely track the statutory language under which Hutchins purports to bring its claims against McMillan.[3] For example, Hutchins alleges that McMillan engaged in an unfair settlement practice by "misrepresenting to Plaintiff material facts relating to the coverage at issue." Original Petition ¶ 83. However, Hutchins fails to identify a single statement or any specific misrepresentation made by McMillan that would support a cause of action under section 541.060. Hutchins has only pled a theoretical possibility that McMillan could be held liable under these sections. See *Smallwood*, 385 F.3d at 573 n.9 (holding that pleadings must show more than a "mere theoretical possibility of recovery") (internal quotations omitted).

In its motion, Hutchins contends that "there clearly exists the possibility Plaintiff will be able to establish [a cause of action] against Defendant McMillan." Motion at 15. However, Hutchins has not alleged sufficient factual assertions that would "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, Hutchins has not pled "enough facts to state a claim that is plausible on its face." *Id.*

Because Hutchins has not stated a claim against McMillan, this court concludes that the joinder of McMillan was improper. The claims asserted against

---

[3] Specifically, Hutchins claims that McMillan violated the TEX. INS. CODE §§ 541.051, 541.060, 541.061, and 541.151. Original Petition ¶ 81.

American, Fireman's Fund Insurance Company, and Allianz are unaffected by this ruling.  Hutchins's claims against McMillan are dismissed without prejudice.

### III.  CONCLUSION

For the reasons stated above, the motion to remand is **DENIED** and Hutchins's claims against McMillan are **DISMISSED** without prejudice.  Hutchins may cure -- if it can -- the deficient allegations against McMillan by filing and serving an amended complaint no later than **February 24, 2017**.  Moreover, because the removing defendants, as the parties invoking the jurisdiction of this court, have not adequately alleged the citizenship of Hutchins, *see* note 1 above, the defendants must properly plead the citizenship of Hutchins, by filing and serving an amended notice of removal, no later than **February 24, 2017**.

**SO ORDERED**.

February 14, 2017.

                                                                                 */s/ A. Joe Fish*
                                                                        A. JOE FISH
                                                                        **Senior United States District Judge**