UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUTCHINS WAREHOUSE LIMITED PARTNERS, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) ) ) |
| AMERICAN AUTOMOBILE INSURANCE COMPANY, ET AL., | ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.

3:16-CV-3336-G

## MEMORANDUM OPINION AND ORDER

The court, on its own motion, herein examines subject matter jurisdiction in this case. For the reasons stated below, this case is remanded to the state court from which it was previously removed. The court set forth the background of this case in a recent memorandum opinion and order. *See* Memorandum Opinion and Order of February 14, 2017 ("Order") (docket entry 11).

### I. ANALYSIS

#### A. Legal Standards

The court may *sua sponte* raise the issue of its jurisdiction at any time during the course of litigation. *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal

courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings.") (emphasis added).

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendant, American Automobile Insurance Company, has alleged only diversity of

citizenship as a basis for this court's jurisdiction. *See* Second Amended Notice of Removal ¶ 2.2 (docket entry 32). The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the non-diverse defendant. A defendant can satisfy the requirements for improper joinder by demonstrating that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). To determine whether Hutchins Warehouse Limited Partners ("Hutchins") is unable to establish a cause of action against the non-diverse defendant, Rodger McMillan ("McMillan"), the court should conduct a Rule 12(b)(6)-type analysis. *Id*. "[T]he Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)." *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (emphasis in original).

B. <u>Application</u>

In this case, both Hutchins and McMillan are citizens of Texas.[*] *See* Second Amended Notice of Removal ¶¶ 2.3, 2.7. The court previously denied Hutchins's motion to remand because it failed to state a claim against McMillan in its original petition. *See generally* Order. The court concluded that the defendants had met their heavy burden of demonstrating that Hutchins improperly joined McMillan. *Id.* at 12. Because McMillan was improperly joined and not a party to the suit, this court had diversity jurisdiction under 28 U.S.C. § 1332 and denied Hutchins's motion for remand. See generally *id.* The court will now determine whether Hutchins has successfully stated a claim against McMillan in its first amended complaint ("Amended Complaint") (docket entry 18).

The court need not decide whether Hutchins has sufficiently pleaded each cause of action; rather, if the court finds a reasonable basis to predict that it can potentially recover on any of these causes of action, the court must remand the entire case. *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539,

---

[*] Hutchins is a limited partnership and one of its partners is a citizen of Texas. *See* Second Amended Notice of Removal ¶ 2.3. Therefore, Hutchins is also a citizen of Texas. *Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("The citizenship of a limited partnership is based upon the citizenship of each of its partners.").

at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.")).

Here, Hutchins asserts claims against McMillan under various sections of Chapter 541 of the Texas Insurance Code. *See* Amended Complaint ¶¶ 90-98. Hutchins alleges that McMillan violated, *inter alia*, § 541.060(a)(1) by "misrepresenting to [Hutchins] material facts relating to the coverage at issue," see *id.* ¶ 93, and § 541.060(a)(7) by "refusing to pay [Hutchins's] claim without conducting a reasonable investigation." *Id.* ¶ 97.

Specifically, Hutchins alleges that McMillan performed an outcome oriented investigation, focusing on pre-existing damages that were not caused by the tornado. Amended Complaint ¶¶ 23, 47; see also *Negrete v. Lloyds*, No. DR-15-CV-114-AM, 2016 WL 8488287, at *8 (W.D. Tex. Sept. 27, 2016) (holding that the plaintiff stated a claim under § 541.060(a)(l) and § 541.060(a)(7) by alleging facts showing that the adjuster undervalued the plaintiff's losses and conducted an outcome-oriented investigation). Moreover, Hutchins alleges that despite McMillan's knowledge of structural damages to the interior building system and the need for permanent repairs and/or a complete rebuild, McMillian has refused to provide an

estimate for those damages.  Amended Complaint ¶¶ 22-23, 27; see also *Petree v. Metropolitan Lloyds Insurance Company of Texas*, No. 3:16-CV-0735-G, 2016 WL 4211764, at *2 (N.D. Tex. Aug. 9, 2016) (Fish, J.) (analyzing whether the plaintiff alleged specific deficiencies in the adjuster's investigation).  Hutchins avers that its insurer accepted McMillan's incomplete estimate as the final determined value of the damaged property.  *See* Amended Complaint ¶ 22; see also *Kris Hospitality LLC v. Tri-State Insurance Company of Minnesota*, No. SA-16-CV-01229-XR, 2017 WL 437424, at *3 (W.D. Tex. Jan. 31, 2017) (looking to whether the plaintiff alleges facts connecting the adjuster's actions to the plaintiff's alleged harm).  Applying the federal pleading standard in this case, the court concludes that, taking the well-pleaded facts as true, Hutchins pled factual content that allows the court to draw the reasonable inference that McMillan violated § 541.060(a)(1) and § 541.060(a)(7) under the Texas Insurance Code.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Avila v. Metropolitan Lloyds Insurance Company of Texas*, No. 3:16-CV-3007-L, 2017 WL 1232529, at *12-13 (N.D. Tex. Feb. 21, 2017) (Horan, M.J.) (looking to the "specific factual allegations concerning the inadequacy of the investigation" to determine whether the plaintiff pled a claim under § 541.060(a)(7)), *report and recommendation adopted sub nom. Avila v. Metropolitan Lloyds Insurance*, No. 3:16-CV-3007-L, 2017 WL 1211339 (N.D. Tex. Apr. 3, 2017) (Lindsay, J.).

Because Hutchins has stated a potentially viable claim against McMillan, complete diversity -- as required under 28 U.S.C. § 1332 -- is lacking, and this case must be remanded back to the court from which it came. *See* 28 U.S.C. § 1447(c).

II. CONCLUSION

For the reasons stated above, on the court's own motion, this action is **REMANDED** to the **116th Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

June 22, 2017.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**